## Maloney v. Borough of Yeadon

*John J. Crane*, for plaintiff.

*Harry F. Dunn, Jr.*, for defendant.

DIGGINS, J., April 2, 1962.—The matter comes before the court on a case stated as follows:

Plaintiff resides at Lansdowne, Pennsylvania. Defendant is the adjoining borough of Yeadon. On or about September 23, 1961, plaintiff took a competitive examination for the position of police officer, second class, which examination was given by the civil service commission of the borough of Yeadon. Plaintiff achieved a mark of 77 and is entitled to an additional 10 points as a veteran, making a grade of 87. Three other applicants took the examination at the same time. Two of them passed and the civil service commission, under date of September 25, 1961, in writing, notified the borough council of the achievements of all four as follows:

1. Francis Thomas Maloney—87
2. Adolph Guaraldo        —87
3. Paul Wood             —79
4. Nicholas Pane         —54

However, the record shows that the certification of the civil service commission stated that Maloney, Guaraldo and Pane had failed to pass the physical examination.

Following this, Paul Wood, no. 3 on the list, was appointed police officer, second class. The man so appointed was not a veteran, nor was the man designated as no. 2 on the list.

Prior to the time of the examination, and pursuant to the regulations established by the borough, legal notices thereof were advertised, which notices indi-

cated that an applicant, to be eligible for the position, had to be 5′ 9″ tall. Physical examination of plaintiff showed him to be 5′ 6¾″, which fact is admitted in the pleadings.

Plaintiff is a veteran of the United States Army, having served from 1950 to 1958 as a military policeman. He was honorably discharged after eight years experience in military police work. Even though plaintiff did not meet the height regulation which was known to the civil service commission, he was permitted to take the examination and his name and achievement grade, along with those of the other three applicants, were sent by the civil service board of Yeadon Borough Council. The record shows that while the petitioner and one Adolph Guaraldo were tied academically with a score of 87, both failed the physical. Guaraldo, not having veteran preference, therefore becomes ineligible. Therefore, this contest is between the petitioner, Maloney, with an academic score of 87 and a height deficiency of 2¼″, and Paul Wood, the next highest with an academic score of 79 and no physical deficiency.

The question involved here is whether or not the height requirement must be waived by the borough under the Veterans' Preference Act, of May 22, 1945, P. L. 837, sec. 1 et seq., 51 PS §492.1 et seq. The section applicable to the issue here reads as follows:

"§492.4 Preference in appointment or promotion

"Whenever any soldier possesses the requisite qualifications and is eligible to appointment to or promotion in a public position, where no such civil service examination is required, the appointing power in making an appointment or promotion to a public position shall give preference to such soldier.

"Whenever any soldier possesses the requisite qualifications, and his name appears on any eligible or promotional list, certified or furnished as the result

of any such civil service examination, the appointing or promoting power in making an appointment or promotion to a public position shall give preference to such soldier, notwithstanding, that his name does not stand highest on the eligible or promotional list.

"§492.5 Lack of training, age, or physical impairment

"The lack of academic or scholastic training or experience, age, loss of limb or other physical impairment which does not in fact incapacitate any such soldier shall not be deemed to disqualify him, provided he possesses the other requisite qualifications to satisfactorily perform all of the duties which the position requires."

There is no doubt that the Borough Code gives the borough the right to set up rules and regulations governing such applicants: Act of May 4, 1927, P. L. 519, art. II, sec. 1170, added July 10, 1947, P. L. 1621, sec. 39.

If the legislative authority of the borough must be exercised within a rule of reason, it is our opinion that the height requirement established for police officers, second class, 5′ 9″ is a reasonable regulation.

It is of interest and of some importance in adjudicating this issue to consider that part of the Veterans' Preference Act which gives the veteran a ten point bonus in the academic examination. It is well established in Pennsylvania that this ten point bonus does not inure to the benefit of a veteran applicant until and unless he has met the minimum grade requirement. This, however, is not here directly involved because this applicant made the minimum grade handily. As was said in Commonwealth ex rel. Graham (to the use of Markham) v. Schmid, 333 Pa. 568, at page 577, in construing the former Veterans' Preference Act, these bonus credits are given only over and

above the passing grade which must be attained on merit. It would seem by analogy to the foregoing rule of law that a veteran would necessarily have to meet on the merits minimum standards of all regulations, including physical, before any preference could be utilized. However, this analogy, it seems, does not apply because the physical requirements, as differentiated from the academic, are treated separately in the Veterans' Preference Act. As will be noted, supra, the lack of academic or scholastic training, or experience, age, *loss of limb or other physical impairment* which does not, in fact, incapaciate any such soldier, shall not be deemed to disqualify him, provided he possesses the other requisite qualifications to satisfactorily perform all of the duties which the position requires. (Italics supplied.)

This being true, the statute might be interpreted to mean that minimum physical requirements established by municipal bodies do not apply to veterans, and indeed the attorney general of Pennsylvania, in an opinion entitled Veterans' Preference, found in 60 D. & C. 198, said on page 208:

"5. A soldier's lack of academic or scholastic training or experience, age or lack of physical qualifications must be waived, if in the reasonable judgment of the appointing or promoting power, the soldier is not actually incapacitated from performing the duties of the position as efficiently as a qualified and eligible applicant or candidate not entitled to the waiver, and provided the soldier possesses the other requisite qualifications satisfactorily to perform all of the duties which the position requires."

And that opinion uses the words "physical qualifications must be waived", whereas the act says "physical impairment", and seems to us to go considerably further than a reasonable interpretation of the Veterans' Preference Act will permit, and we do not

accept this as the law and rest this opinion and judgment thereon.

It seems to us that the Veterans' Preference Act in that section, supra, where it is prohibiting a municipal body from barring a veteran applicant for physical impairment intends that a rule of reason shall be applied in its interpretation. There seems to be no doubt that a physical impairment will not per se bar a veteran from appointment unless he does not possess the other requisite qualifications to satisfactorily perform all of the duties which the position requires. In the present case, the applicant does not meet the physical requirements by 2¼″ in height. In every other category, he more than meets the requirements. Academically, he stands well above the minimum and none of the applicants stood higher. In addition, he offers, at the outset, eight years' experience as a military policeman. There is sufficient similarity between the duties of a military policeman and a civilian policeman to make this experience important. Above and beyond the police duty which military policemen perform on government reservations, they patrol city streets wherever military installations are near. They are put ashore in all parts of the world when units of the armed services are operating or on shore leave. If this applicant needed anything to offset the slight deficiency in height, and we do not hold that he does, it is more than met by his academic attainment and his eight years' experience in police work.

This opinion and judgment, however, is not to suggest that the minimum requirement fixed by the borough of Yeadon for height of police applicants of 5′ 9″ is not reasonable, nor is it to suggest that this minimum height does not apply to servicemen entitled to the benefits of the Veterans' Preference Act. We think and we hold that it does so apply, but we think and we hold that a difference of 2¼″ comes within the Vet-

erans' Preference Act granting the variance for physical impairment. It might well be that an applicant entitled to the benefits of the Veterans' Preference Act might fail to meet the height requirements by four, six or more inches and perhaps be deficient in weight as well (which this applicant was not), therefore not possessing the requisite qualifications to perform satisfactorily all of the duties which the position requires. The intent and purpose of this opinion and judgment is not to establish as the law that every veteran who lacks the basic physical requirements of the municipality is to have the impairment waived, nor is it to suggest that the minimum physical requirements set by municipalities are to be waived for veterans, but rather that each individual case wherein the veteran fails to meet the minimum physical standards must be decided on its merits alone.

We therefore make the following

*Order*

And now, April 2, 1962, the borough of Yeadon is directed to appoint plaintiff, Francis Thomas Maloney, 64 South Union Avenue, Lansdowne, Pennsylvania, to the position of police officer, second class, in the borough of Yeadon.